### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF TEXAS

### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ERNEST THOMAS, ET AL.** | ) | **CIVIL ACTION** |
| | ) | |
| **VERSUS** | ) | **NO. 2:14-cv-00017** |
| | ) | |
| **HCC - HIGH CAPACITY COIL, LLC** | ) | **JUDGE NELVA GONZALES RAMOS** |
| | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel comes Defendant, HCC - High Capacity Coil, LLC, who files the following Answer and Affirmative Defenses in response to the allegations contained in the Original Collective Action Complaint (hereinafter referred to as "Complaint") filed by Plaintiffs. Defendant denies each and every allegation contained in the Complaint, except those which are hereinafter expressly admitted, and further represents as follows:

In specific defense of the allegations set forth in Plaintiffs' Complaint, Defendant specifically asserts the following affirmative defenses.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the defense of good faith and affirmatively avers that at all times Defendant acted in good faith, with rational basis with respect to all of its employment decisions concerning Plaintiffs. Defendant further alleges that it has not breached any obligations or duties allegedly owed to Plaintiffs, to the extent any exist under applicable laws and regulations.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which an award of damages can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that Plaintiffs are not entitled to any legal, equitable, liquidated damages, or monetary relief, including, but not limited to, back pay and attorney's fees and that Plaintiffs are not entitled to any other relief from Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any alleged FLSA violations (which are denied) were not willful and thus subject to a two-year statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Any alleged FLSA violations (which are denied) were in good faith and reasonable and thus, not subject to liquidated damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were exempt from the overtime provisions of the FLSA.

2

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs were exempt employees under the motor carrier exemption.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated as required for a collective action to be maintained under 29 U.S.C. § 216(b).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot meet the requirements for class certification under any section of the Federal Rules of Civil Procedure.

## I.
## OVERVIEW

1.1     Paragraph 1.1 of Plaintiffs' Complaint asserts Plaintiffs' cause of action and requires no response from Defendant.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to overtime wages under the Fair Labor Standards Act ("FLSA"). Defendant further denies that this matter has been certified as a collective action by the Court or that this matter meets the requirements for collective action certification.

1.2     Paragraph 1.2 of Plaintiffs' Complaint identifies the Plaintiffs and purported collective action members and requires no response from Defendant.  To the extent that a response is required, Defendants denies that collective action certification is appropriate, that Plaintiffs or purported collective action members are entitled to relief, or that any Plaintiffs or potential collective action members are currently employed by HCC.

Defendant further avers that Plaintiffs have not identified by name all purported "potential class members" such that Defendant is unable to confirm or deny whether such individuals were its employees.  Therefore, Defendant lacks sufficient information and belief regarding statements and allegation pertaining to purported "potential class members" that are

3

not named in the litigation and have not yet opted-in to the litigation.  This response is applicable to all allegations in Plaintiffs' Complaint regarding unidentified "potential class members."

1.3     The allegation contained in Paragraph 1.3 of Plaintiffs' Complaint is denied as stated.

1.4     Paragraph 1.4 of Plaintiffs' Complaint asserts a legal conclusion and requires no response from Defendant.   To the extent a response is required, the allegations are denied. Defendant denies that the FLSA mandates that all employees are entitled to overtime compensation.  Defendant affirmatively avers that Plaintiffs and opt-ins were exempt from the FLSA overtime provisions.

1.5     The allegation contained in Paragraph 1.5 of Plaintiffs' Complaint is denied as stated.  Defendant complied with the FLSA and other applicable laws.  Plaintiffs were not entitled to overtime payments under the FLSA.

1.6     The allegation contained in Paragraph 1.6 of Plaintiffs' Complaint is denied as stated.

1.7     The allegation contained in Paragraph 1.7 of Plaintiffs' Complaint is denied as stated.  Defendant complied with the FLSA and other applicable laws.  Plaintiffs were not entitled to overtime payments under the FLSA.

1.8     The allegation contained in Paragraph 1.8 of Plaintiffs' Complaint is denied. Defendant complied with the FLSA.  Plaintiffs were not entitled to overtime payments under the Fair Labor Standards Act.  To the extent that Defendant failed to comply with any provision of the FLSA (which is expressly denied) the violations were not willful and Defendant at all times acted in good faith and in a reasonable manner.

1.9     The allegations contained in Paragraph 1.9 of Plaintiffs' Complaint are denied.

4

1.10    The allegation contained in Paragraph 1.10 of Plaintiffs' Complaint is denied. Defendant affirmatively asserts that Plaintiffs were exempt employees under the FLSA.

1.11    Paragraph 1.11 of Plaintiffs' Complaint asserts Plaintiffs' desire to seek recovery as a FLSA collective action and requires no response from Defendant.  To the extent that a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever under the FLSA and deny that Plaintiffs are entitled to have their purported claims certified as a collective action.

1.12    Paragraph 1.12 of Plaintiffs' Complaint requests that the Plaintiffs be permitted to provide notice to potential collective action members and permit them to opt-in to the litigation; thus, it requires no response from Defendant.   To the extent that a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever under the FLSA and deny that Plaintiffs are entitled to have their purported claims certified as a collective action.

## II.
## THE PARTIES

2.1    Defendant is without sufficient information or belief regarding the current residence of Plaintiff Earnest Thomas.[1]  Defendant admits only that Thomas was a former employee of HCC.  The remaining allegations of Paragraph 2.1 of Plaintiffs' Complaint are denied as stated.  Plaintiffs were exempt from overtime compensation under the FLSA.

2.2    Defendant is without sufficient information or belief regarding the current residence of Plaintiff Juan Ramon.  Defendant admits only that Ramon was a former employee of HCC.  The remaining allegations of Paragraph 2.2 of Plaintiffs' Complaint are denied as stated.  Plaintiffs were exempt from overtime compensation under the FLSA.

---

[1] While Plaintiffs spell Thomas' name as "Ernest," Thomas' identification provided during his employment indicated his name is "Earnest."  All references herein are to former employee, Earnest Thomas.  Defendant has no record of employment of an employee named Ernest Thomas.

2.3     Defendant is without sufficient information or belief regarding the current residence of Plaintiff Jose Quintanilla.  Defendant admits only that Quintanilla was a former employee of HCC.  The remaining allegations of Paragraph 2.3 of Plaintiffs' Complaint are denied as stated.  Plaintiffs were exempt from overtime compensation under the FLSA.

2.4     The allegation contained in Paragraph 2.4 is denied.  Plaintiffs have not identified by name all purported "potential class members" such that Defendant is unable to confirm or deny whether such individuals were its employees.  Therefore, Defendant lacks sufficient information and belief regarding statements and allegations pertaining to purported "potential class members" that are not named in the litigation and have not yet opted-in to the litigation. Defendant further denies an "illegal" pay system as Plaintiffs were exempt from the FLSA's overtime provisions.

2.5     Defendant admits only that it is incorporated in the state of Delaware and that its registered agent is Capitol Corporate Services.  The remaining allegations contained in Paragraph 2.5 of Plaintiffs' Complaint assert legal conclusions and require no response on the part of Defendant.

### III.
### JURISDICTION AND VENUE

3.1     The allegations contained in Paragraph 3.1 of Plaintiffs' Complaint assert the jurisdiction of this Court and require no response from Defendant.  However, to the extent that Plaintiffs maintain that the cited statutes entitle them to relief or that Defendant is liable to Plaintiffs under the law, those allegations are expressly denied.

3.2     The allegations contained in Paragraph 3.2 of Plaintiffs' Complaint assert the jurisdiction of this Court and require no response from Defendant.  However, to the extent that

Plaintiffs maintain that Defendant's conduct was in violation of the FLSA or that Defendant is liable to Plaintiffs under the law, those allegations are expressly denied.

3.3     The allegation contained in Paragraph 3.3 of Plaintiffs' Complaint asserts a legal conclusion that requires no response from the Defendant and purports to set forth the proper venue for these proceedings.  However, to the extent a response is required, Defendant denies that any unlawful payment practices or any unlawful acts were committed against Plaintiffs by Defendant.

3.4     Defendant is without sufficient information or belief regarding the allegations of Paragraph 3.4 of Plaintiffs' Complaint.

3.5     The allegation contained in Paragraph 3.5 of Plaintiffs' Complaint asserts a legal conclusion that requires no response from the Defendant and purports to set forth the proper venue for these proceedings.  However, to the extent a response is required, Defendant denies that any unlawful payment practices or any unlawful acts were committed against Plaintiffs by Defendant.

## IV.
## FLSA COVERAGE

4.1     Defendant admits only that it was the employer of the named Plaintiffs and purported opt-ins:  Earnest Thomas, Juan Ramon, Jose Quintanilla, Brandon West, Samuel Rojas, Mauro Vasquez, Chad Thibodeaux, Matthew Walker, Matthew Mariscal, Efrain Ameca, Juan Luevano, Jasso Nava, Refugio Mariscal, Kevin Cox, and Fernando Mendoza.

4.2     The allegation contained in Paragraph 4.2 of Plaintiffs' Complaint asserts a legal conclusion and requires no response on the part of Defendant.  However, to the extent a response is required, Defendant asserts that Plaintiffs and purported opt-ins were exempt from the overtime provisions of the FLSA.

7

4.3    The allegation contained in Paragraph 4.3 of Plaintiffs' Complaint asserts a legal conclusion and requires no response on the part of Defendant.  However, to the extent a response is required, Defendant denies for lack of sufficient information to justify a belief therein. Defendant also asserts that Plaintiffs and purported opt-ins were exempt from the overtime provisions of the FLSA.

4.4    Defendant admits only that Plaintiffs and purported opt-ins were employed by Defendant and provided services that involved interstate commerce.  Defendant further asserts that Plaintiffs and purported opt-ins were exempt from the FLSA's overtime provisions.

4.5    The allegation contained in Paragraph 4.5 of Plaintiffs' Complaint asserts a legal conclusion and requires no response on the part of Defendant.  However, to the extent a response is required, Defendant asserts that Plaintiffs engaged in interstate commerce.

4.6    The allegation contained in Paragraph 4.6 of Plaintiffs' Complaint is denied. Plaintiffs and opt-ins were exempt from the overtime provisions of the FLSA.

4.7    The allegation contained in Paragraph 4.7 of Plaintiffs' Complaint asserts a legal conclusion and requires no response on the part of Defendant.  However, to the extent a response is required, Defendant asserts that Plaintiffs engaged in interstate commerce.

4.8    The allegation contained in Paragraph 4.8 of Plaintiffs' Complaint asserts Plaintiffs' proposed FLSA collective action definition and requires no response on the part of Defendant.  However, to the extent a response is required, Defendant asserts that the definition is overbroad as the definition encompasses exempt FLSA employees.  Defendant further asserts that Plaintiffs and opt-ins were not entitled to overtime compensation under the FLSA. Defendant denies that collective action certification is appropriate in this case.

8

4.9     Defendant denies that collective action certification is appropriate in this case or that Plaintiffs are entitled to have the proposed collective action certified.

## V.
## FACTS

5.1     The allegation contained in Paragraph 5.1 of Plaintiffs' Complaint is denied as stated.  Defendant ceased its coil tubing, nitrogen services, and equipment services in November 2013.

5.2     The allegation contained in Paragraph 5.2 of Plaintiffs' Complaint is denied as stated.  HCC's former locations are now being leased by a different entity.

5.3     The allegations contained in Paragraph 5.3 of Plaintiffs' Complaint are denied as stated.  Plaintiff Earnest Thomas was employed by HCC from approximately October 11, 2012, through April 9, 2013.  *See also* Defendant's answer to Paragraph 2.1 and footnote 1.

5.4     The allegation contained in Paragraph 5.4 of Plaintiffs' Complaint is denied as stated.

5.5     The allegations contained in Paragraph 5.5 of Plaintiffs' Complaint are denied as stated.  Plaintiff Juan Ramon was employed by HCC from approximately December 7, 2011, until February 16, 2012 and from April 25, 2012, to January 17, 2013.

5.6     The allegation contained in Paragraph 5.6 of Plaintiffs' Complaint is denied as stated.

5.7     The allegation contained in Paragraph 5.7 of Plaintiffs' Complaint is denied as stated.  Plaintiff Jose Quintanilla was employed by HCC from approximately March 12, 2013, until June 30, 2013.

5.8     The allegation contained in Paragraph 5.8 of Plaintiffs' Complaint is denied as stated.

PD.11194564.1

5.9     The allegation contained in Paragraph 5.9 of Plaintiffs' Complaint is denied as stated.

5.10    The allegation contained in Paragraph 5.10 of Plaintiffs' Complaint is denied.

5.11    The allegation contained in Paragraph 5.11 of Plaintiffs' Complaint is denied as stated.

5.12    The allegation contained in Paragraph 5.12 of Plaintiffs' Complaint is denied as stated.

5.13    Paragraph 5.13 of Plaintiffs' Complaint asserts a legal conclusion and requires no response on the part of Defendant.  To the extent that a response is required, Defendant asserts that Plaintiffs' allegation is an incomplete statement of the law.  The FLSA does not mandate that all workers be paid overtime and provides numerous exemptions to its overtime provisions.  As previously asserted herein, Plaintiffs and opt-ins were exempt from the overtime provisions of the FLSA.

5.14    Paragraph 5.14 of Plaintiffs' Complaint asserts a legal conclusion and requires no response on the part of Defendant.  To the extent that a response is required, Defendant asserts that the FLSA does not mandate that all workers be paid overtime and provides numerous exemptions to its overtime provisions.  As previously asserted herein, Plaintiffs and opt-ins were exempt from the overtime provisions of the FLSA.

5.15    Paragraph 5.15 of Plaintiffs' Complaint is denied.  The FLSA does not mandate that all workers be paid overtime and provides numerous exemptions to its overtime provisions.  As previously asserted herein, Plaintiffs and opt-ins were exempt from the overtime provisions of the FLSA.

PD.11194564.1

5.16    Paragraph 5.16 of Plaintiffs' Complaint is denied.  The FLSA does not mandate that all workers be paid overtime and provides numerous exemptions to its overtime provisions. As previously asserted herein, Plaintiffs and opt-ins were exempt from the overtime provisions of the FLSA.

5.17    Paragraph 5.17 of Plaintiffs' Complaint is denied as stated.   To the extent Plaintiffs contend that Defendant failed to properly compensate Plaintiffs or opt-ins under the FLSA, that allegation is expressly denied.

**VI**
**CAUSES OF ACTION**

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    The allegation contained in Paragraph 6.1 of Plaintiffs' Complaint is denied. Plaintiffs and opt-ins were exempt from the overtime provisions under the FLSA.

6.2    The allegation contained in Paragraph 6.2 of Plaintiffs' Complaint is denied. Plaintiffs and opt-ins were exempt from the overtime provisions under the FLSA.  Moreover, to the extent any alleged FLSA violations occurred (which is expressly denied) Defendant avers that the violations were not willful and that its actions were at all times in good faith and reasonable.

6.3    The allegation contained in Paragraph 6.3 of Plaintiffs' Complaint is denied as Defendants' payment practices were not in violation of the FLSA.  Moreover, to the extent any alleged FLSA violations occurred (which is expressly denied) Defendant avers that the violations were not willful and that its actions were at all times in good faith and reasonable.

6.4    The allegation contained in Paragraph 6.4 of Plaintiffs' Complaint is denied as Defendant's payment practices were not in violation of the FLSA.  Moreover, to the extent any

11

alleged FLSA violations occurred (which is expressly denied) Defendant avers that the violations were not willful and that its actions were at all times in good faith and reasonable.

      6.5      Defendant is without sufficient information or belief as to the sophistication of Plaintiffs or unnamed potential collective action members.  Defendant affirmatively avers that its payment practices were compliant with the FLSA.  Moreover, to the extent any alleged FLSA violations occurred (which is expressly denied) Defendant avers that the violations were not willful and that its actions were at all times in good faith and reasonable.

      6.6      The allegation contained in Paragraph 6.6 of Plaintiffs' Complaint is denied. Defendant at all times believed that Plaintiffs and opt-ins were exempt employees under the FLSA.

      6.7      The allegation contained in Paragraph 6.7 of Plaintiffs' Complaint is denied. Plaintiffs or purported class members are not entitled to overtime compensation.  Moreover, to the extent any alleged FLSA violations occurred (which is expressly denied) Defendant avers that the violations were not willful and that its actions were at all times in good faith and reasonable.

**B.**      **COLLECTIVE ACTION ALLEGATIONS**

      6.8      The allegation contained in Paragraph 6.8 of Plaintiffs' Complaint is denied.  This matter has not been certified as a collective action under the FLSA.  Defendant further denies that collective action treatment is appropriate in this case.

      6.9      The allegation contained in Paragraph 6.9 of Plaintiffs' Complaint is denied. Defendant's payment practices were not in violation of the FLSA.  Moreover, to the extent any alleged FLSA violations occurred (which is expressly denied), Defendant avers that the violations were not willful and that its actions were at all times in good faith and reasonable.

PD.11194564.1

6.10    The allegation contained in Paragraph 6.10 of Plaintiffs' Complaint asserts Plaintiffs' proposed FLSA collective action definition and requires no response on the part of Defendant.  However, to the extent a response is required, Defendant asserts that the definition is overbroad as it also encompasses exempt FLSA employees.   Defendant further asserts that Plaintiffs and opt-ins were not entitled to overtime compensation under the FLSA.  Defendant denies that collective action certification is appropriate in this case.

6.11    The allegation contained in Paragraph 6.11 of Plaintiffs' Complaint is denied.

6.12    The allegation contained in Paragraph 6.12 of Plaintiffs' Complaint is denied.

6.13    The allegation contained in Paragraph 6.13 of Plaintiffs' Complaint is denied.

6.14    The allegation contained in Paragraph 6.14 of Plaintiffs' Complaint is denied. Plaintiffs' proposed class definition would also include exempt employees.

6.15    The allegation contained in Paragraph 6.15 of Plaintiffs' Complaint is denied.

6.16    The allegation contained in Paragraph 6.16 sets forth Plaintiffs' proposed class definition and requires no response on the part of Defendant.  However, to the extent that a response is required, Defendant asserts that Plaintiffs' proposed class definition is overbroad and would include exempt employees.  Additionally, Defendant avers that collective action treatment is not appropriate in this case.

## VII.
## RELIEF SOUGHT

7.1    The allegations contained in Paragraph 7.1 including all subparts asserts the relief sought by Plaintiffs and requires no response on the part of the Defendant.  However, to the extent that a response is required, Defendant denies that certification as a collective action is appropriate in this case, denies that FLSA violations occurred, and denies that Plaintiffs are entitled to any relief set forth in their Prayer for Relief or any other relief whatsoever.

PD.11194564.1

WHEREFORE, Defendant prays that its Answer and Affirmative Defenses be deemed good and sufficient, that its defenses be maintained, and that after due proceedings had, there be judgment rendered herein in favor of Defendant, High Capacity Coil, LLC, rejecting Plaintiffs' demands, and dismissing the entirety of Plaintiffs' Complaint with prejudice, at Plaintiffs' costs. Defendant also requests that it be awarded court costs, attorneys' fees, and any other legal, equitable, and declaratory relief this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:      */s David M. Korn*
DAVID M. KORN, T.A. (#24026161)
(SD TX Bar # 33987)
MARYJO L. ROBERTS (#24089105)
(SD TX Bar #2220397)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
E-mail: kornd@phelps.com
robertsm@phelps.com
**ATTORNEY FOR DEFENDANT, HCC - HIGH CAPACITY COIL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2014, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

*/s/ David M. Korn*

14