IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERNEST THOMAS, JUAN RAMON, and JOSE QUINTANILLA, Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 2:14-cv-00017 |
| v. | § § § | |
| HCC—HIGH CAPACITY COIL, LLC | § § § | |
| *Defendant* | § | |

**PLAINTIFFS' OPPOSED MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND REQUEST FOR NOTICE TO POTENTIAL CLASS MEMBERS**

Earnest Thomas, Juan Ramon, and Jose Quintanilla, Individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Potential Class Members"), file this Opposed Motion for Certification of Collective Action and Request for Notice to Potential Class Members and would show the Court as follows:

**I.
SUMMARY OF ARGUMENT**

Plaintiffs have filed a Fair Labor Standards Act ("FLSA") claim against Defendant HCC—High Capacity Coil, LLC ("High Capacity") because High Capacity failed to pay proper overtime compensation to Plaintiffs and other former operators whose non-discretionary bonus payments were not included in their regular rate of pay as is required by 29 U.S.C. § 207(a) and 29 C.F.R. § 778.209.[1] Further, Plaintiffs and the Potential Class Members did not perform work that meets the definition of exempt work under the FLSA.

---

[1] Counsel for High Capacity has represented that it "ceased its coil tubing, nitrogen services, and equipment services in November 2013" and therefore no current employees exist. (D.E. 21).

Pursuant to Section 216(b) of the FLSA, Plaintiffs move for conditional certification of their back wage claims against High Capacity. Specifically, Plaintiffs seek conditional certification of a collective action consisting of the following putative class:

> **ALL PERSONS EMPLOYED BY HCC—HIGH CAPACITY COIL, LLC, WITHIN THE PAST THREE YEARS, WHO RECEIVED JOB BONUSES BUT WERE NOT PAID OVERTIME**

Conditional certification is appropriate because additional individuals who were employed by High Capacity suffered injury as a result of High Capacity's violations of the FLSA. These Potential Class Members are "similarly situated" to Plaintiffs because (1) they all worked for High Capacity, (2) they had similar job duties and titles, (3) they had the same hourly pay structure, (4) they had the same non-discretionary bonus payment structure, and (5) they were all required or permitted to work overtime without receiving time and a half pursuant to the FLSA. Accordingly, Plaintiffs seek to proceed in this FLSA action collectively with other similarly situated former employees of High Capacity.

Plaintiffs meet the lenient standard for conditional certification and notice should be issued to the Potential Class Members immediately in order to promote the broad remedial purposes of the FLSA and to prevent the wasting of viable claims for unpaid wages. In FLSA collective actions, the statute of limitations "for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)). That is, the "limitations period is not tolled with respect to other potential plaintiffs unless and until they opt-in to the case." *Quintanilla v. A & R Demolition, Inc.*, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005). For that reason—and because the Potential Class Members have compelling FLSA claims on the merits—it is both sensible and in the interest of justice to expeditiously grant Plaintiffs' Motion for Certification of Collective Action and Request for Notice to Potential Class Members.

Accordingly, Plaintiffs respectfully request that the Court: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicial notice be sent to all Potential Class Members; (3) approve the form and content of Plaintiffs' proposed judicial notice and reminder notice; (4) order High Capacity to produce to Plaintiffs' counsel the contact information for each Potential Class Member; (5) authorize a sixty day notice period for Potential Class Members to join the case; and (6) authorize notice to be sent via First Class Mail, e-mail, and telephone to the Potential Class Members.

## II.
## EVIDENCE

1. **Exhibit A**— Declaration of Earnest Thomas

2. **Exhibit B**—Declaration of Juan Ramon

3. **Exhibit C**—Proposed Notice and Consent Form

4. **Exhibit D**—*Lopez v. Allis-Chalmers Energy, Inc., et al.*, No. 11-cv-00353 (S.D. Tex. Feb. 8 and April 20, 2012) (Ramos, J.) ECF Nos. 15 and 92

5. **Exhibit E**—*Durbin v. Advanced Pipeline Services, LLC*, No. 13-cv-00136 (S.D. Tex. Jan. 13, 2014) (Ramos, J.) ECF No. 34

6. **Exhibit F**—*Moore v. Bottom Line Services, LLC*, No. 13-cv-00121 (S.D. Tex. Nov. 4, 2013) (Ramos, J.) ECF No. 26

7. **Exhibit G**—Martinez *v. Refinery Terminal Fire Company*, No. 11-cv-00295 (S.D. Tex. Jan. 25, 2012) (Ramos, J.) ECF No. 54

## III.
## FACTUAL BACKGROUND

**A. HIGH CAPACITY'S OPERATIONS IN TEXAS AND LOUISIANA**

High Capacity provided coil tubing, nitrogen services and equipment services to the oil and gas and pipeline industries in Louisiana and Texas until November 2013.[2] During the relevant

---

[2] HCC—High Capacity Coil, LLC website (http://www.hccoil.com/index.php); D.E. 21 at ¶ 5.1.

window of recovery, High Capacity maintained offices in Shreveport, Louisiana; Midland, Texas; Navasota, Texas; and Alice, Texas.[3]

**B.  REPRESENTATIVE PLAINTIFFS AND THE POTENTIAL CLASS MEMBERS ARE SIMILARLY SITUATED**

In addition to a fixed salary, High Capacity paid its employees non-discretionary job bonuses.[4] High Capacity did not include these job bonuses in calculating each individual's regular rate of pay for purposes of determining the FLSA overtime rate.[5] And not only did High Capacity fail to include these job bonuses in the regular rate calculation, High Capacity did not pay any overtime at all.[6]

High Capacity paid all Plaintiffs and Potential Class Members a job bonus for every job worked and completed.[7] The job bonus was intended to reward Plaintiffs and Potential Class Members for their hard work and efficiency.[8] While some Plaintiffs and Potential Class Members received $400.00 per job and some received slightly higher or lower job bonus amounts, all job bonuses were intended for the same purpose—reward the workers for their hard work and efficiency in completing a job.[9]

Because High Capacity misclassified Plaintiffs and the Potential Class Members as being exempt from overtime, High Capacity did not include the job bonus amounts in the calculation of the regular rate of pay for purposes of determining the FLSA overtime rate. As a result, each week that the Plaintiffs and Potential Class Members worked more than 40 hours per week, they were not paid one-and-one-half times their regular rate of pay.

---

[3] HCC—High Capacity Coil, LLC website (http://www.hccoil.com/index.php).
[4] *See* Declaration of Earnest Thomas attached as Exhibit A at ¶¶ 4, 5 and Declaration of Juan Ramon attached as Exhibit B at ¶¶ 4, 5.
[5] Ex. A at ¶ 7; Ex. B at ¶ 7.
[6] Ex. A at ¶¶ 3, 7; Ex. B at ¶¶ 3, 7.
[7] Ex. A at ¶ 4; Ex. B at ¶ 4.
[8] Ex. A at ¶ 5; Ex. B at ¶ 5.
[9] *Id.*

# IV.
# FLSA WAGE REGULATIONS

A.     **SECTION 207 OF THE FLSA REQUIRES ALL WAGES TO BE INCLUDED IN THE REGULAR RATE CALCULATION FOR PURPOSES OF DETERMINING OVERTIME**

The FLSA requires that non-exempt employees who work more than forty hours in a workweek be paid at one-and-one-half times their "regular rate" of pay. 29 U.S.C. § 207(a)(1). The FLSA broadly defines "regular rate" as the hourly rate actually paid to the employee for "all remuneration for employment." 29 U.S.C. § 207(e); *see also Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42 (1944). The "regular rate" for purposes of overtime under the FLSA is an hourly rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). When employees are paid on a non-hourly basis, the regular rate is determined by dividing the total remuneration by the amount of hours actually worked. 29 C.F.R. § 778.109. The regular rate is multiplied by one-and-one-half to determine the rate of pay for the employee's overtime hours. 29 U.S.C. § 207(a)(1).

The general rule is that the "regular rate" includes "all remuneration." 29 U.S.C. § 207(e). However, the FLSA also specifies the forms of compensation that an employer may exclude from the regular rate when calculating overtime pay. *Id.* Section 207(e) enumerates eight exemptions from the general rule. *Id.*

> Among these excludable payments are discretionary bonuses, gifts and payments in the nature of gifts on special occasions, contributions by the employer to certain welfare plans and payments made by the employer pursuant to certain profit-sharing, thrift and savings plans.

29 C.F.R. § 778.208; *see, e.g.*, 29 C.F.R. § 778.211—214. All other forms of remuneration not listed under Section 207(e) must be included in the regular rate. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.200(c). Here, Plaintiffs and the Potential Class Members received non-discretionary job bonuses that should have been included in the calculation of the regular rate.

# V.
# ISSUE PRESENTED

Should the Potential Class Members be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation? Under the governing lenient legal standard, the answer is "yes."

# VI.
# ARGUMENT AND AUTHORITY

**A.  LEGAL STANDARD FOR SECTION 216(B) NOTICE TO POTENTIAL PLAINTIFFS**

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify Potential Class Members that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-172.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp.889, 893 (D. Md. 1995). Plaintiffs' claims need not be identical to the potential opt-ins, they need only be similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994); *Betancourt v. Maxim Healthcare Services, Inc.*, 2011 WL 1548964 (N.D. Ill. April 21, 2011) (certifying a nationwide class of staffing

recruiters); *Camp v. The Progressive Corporation, et al.*, 8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002) (permitting nationwide notice to various categories of insurance adjusters); *Craig v. Rite Aid Corporation, et al.*, 2009 WL 4723286 (M.D. Pa. Dec. 9, 2009) (permitting notice to current and former assistant store managers); *Allen, et al. v. McWane, Inc.*, 2006 WL 3246531 (E.D. Tex.) (Ward, J.) (permitting notice to hourly employees at thirteen different pipe and foundry plants across the country); *Hanks, et al. v. Big Lots Stores, Inc.*, CA 5:04-cv-00238-DF (E.D. Tex. Aug. 8, 2005) (Folsom, J.) (permitting a nationwide notice to furniture department managers). Plaintiffs need only to demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (Plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law).

**B.    THE COURT SHOULD THE TWO-STAGE *LUSARDI* APPROACH IN ISSUING NOTICE TO POTENTIAL PLAINTIFFS**

Under the *Lusardi* approach, the court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2000) (citing *Mooney*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, e.g., Vargas v. The Richardson Trident Co.*, 2010 WL 730115, at *7 (S.D. Tex. Feb. 22, 2010) (Harmon, J.) (noting the certification of collective actions is subject to a two step process with a lenient standard that typically results in conditional certification of a representative class); *Cantu v. Vitol, Inc.*, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (Rosenthal, J.); *Foraker v. Highpoint Southwest Servs., L.P.*, 2006 WL 2585047, at *3 (S.D. Tex. Sept. 7, 2006) (Atlas, J.).

In deciding whether notice should be issued, courts only require "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54

F.3d at 1214, n. 8. Doing the opposite would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F.Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. Jan. 5, 1988) ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").

An employee need only show that he is suing his employer for himself and on behalf of other employees " similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1096. It is important to note that the Plaintiffs' claims and positions need not be identical to the potential opt-ins' claims; only similar. *Grayson*, 79 F.3d at 1096; *Tucker*, 872 F.Supp. at 947; *Yaklin v. W-H Energy Servs., Inc.*, 2008 WL 1989795, at *3 (S.D. Tex. May 2, 2008) ("[t]he positions need not be identical but similar."). Indeed, the Court need only look to the recent pronouncement from Southern District of Texas Judge Janis Jack:

> [T]he court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively.

*Tolentino v. C&J Spec-Rent Services, Inc.*, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010) (citing *Albanil v. Coast 2 Coast, Inc.*, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)). Further, the Plaintiffs need to only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at 1097. *See, e.g., Ortiz v. Rain King, Inc.*, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) (Lake, J.) (one declaration and the complaint sufficient); *Alba v. Madden Bolt Corp.*, 2002 WL 32639827 (S.D. Tex. June 5, 2002) (Hoyt, J.) (one declaration sufficient); *Villatoro v. Kim Son Restaurant*, 286 F.Supp.2d 807, 810-11 (S.D. Tex. 2003) (Atlas, J.) (one declaration plus employer documents sufficient).

At the second step, "following the completion of the opt-in process and further discovery, the Defendant may ask the Court to reevaluate the conditional certification to determine whether

there is sufficient similarity between the Representative Plaintiff and opt-in Plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008)); *Witteman v. Wisconsin Bell, Inc.*, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("If after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the classes into subclasses.").

Once the Court determines that the employees are similarly situated, notice is sent and new plaintiffs may "opt-in" to the lawsuit. *Acevedo*, 600 F.3d at 519 (citing *Mooney*, 54 F.3d at 1214). Ultimately, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period is complete, the court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche*, 493 U.S. at 172.

### C. NOTICE IS APPROPRIATE ON THE FACTS PRESENTED BECAUSE THE POTENTIAL CLASS MEMBERS ARE SIMILARLY SITUATED

In order for notice to be issued, some evidence of "a single decision, policy, or plan" should be presented. *Collazo v. Forefront Educ., Inc.*, 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010); *see generally H&R Block, LTD. v. Housden & Beard*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). Proof of such a single practice can be provided through declarations of potential Plaintiffs, identification of potential Plaintiffs, and/or evidence of a widespread plan. *Id.* (citations omitted). In addition to these factors, some courts consider whether other individuals desire to opt-in and are similarly situated to those bringing the suit. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Pedigo v. 3003 South Lamar, LLP*, 666 F.Supp.2d 693, 698 (W.D. Tex. 2009) ("[t]he joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist).

In this case, Plaintiffs have more than met the lenient standard of showing that notice to the Potential Class Members is appropriate. Specifically, since the filing of the lawsuit, eleven former employees have filed consents to join a collective action.[10] This Court is well within its authority to issue notice based on that fact alone. *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, 2006 WL 1007542, at *1 (S.D. Tex. Apr. 17, 2006) ("The addition of two of the three Plaintiffs after the inception of this case is persuasive evidence that a putative class does exist."); *Pedigo*, 666 F.Supp.2d at 698 (permitting conditional certification when twelve current and former employees filed consents to join a collective action). In addition to fourteen former employees having already filed consent forms to join a collective action, Plaintiffs have attached the declarations of two named Plaintiffs—Earnest Thomas and Juan Ramon.[11]

For all of these reasons, this Court should authorize notice to the Potential Class Members and allow Plaintiffs to serve the Notice/Consent form attached hereto as Exhibit C on all former High Capacity employees who were paid a fixed salary plus non-discretionary job bonuses during the relevant window of recovery. Given the weight of the showing made by the Plaintiffs, the issuance of Court-approved notice to the Potential Class Members is appropriate and within the Court's discretion.

**D.    MISCLASSIFICATION CASES ARE APPROPRIATE FOR CONDITIONAL CERTIFICATION**

High Capacity will likely argue that FLSA misclassification cases cannot be conditionally certified by suggesting the exemption inquiry is inherently "individualized" or "fact-intensive." This likely argument is belied by the fact that this Court recently certified a collective action involving oilfield workers against one of High Capacity's competitors.[12] Indeed, courts routinely grant conditional certification where, as here, the plaintiff(s) makes a "minimal showing" that notice is

---

[10] D.E. Nos. 5-13, 18 and 20.
[11] Exs. A and B.
[12] Ex. D, *Lopez v. Allis-Chalmers Energy, Inc., et al.*, No. 11-cv-00353 (S.D. Tex. Feb. 8 and April 20, 2012) (Ramos, J.) ECF Nos. 15 and 92.

appropriate. *See, e.g., Yoakum v. PBK Architects, Inc.*, 2011 WL 4688714 (S.D. Tex. Oct. 4, 2011); *Ene, et al. v. Maxim Healthcare Services, Inc.*, C.A. No. H-09-2453 (S.D. Tex. March 2, 2010) (Smith, M.J.) (conditionally certifying nationwide class of misclassified healthcare recruiters).

### E. THE STATUTE OF LIMITATIONS IS RUNNING

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the lawsuit, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. *Id.*; see also 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the putative collective class members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffman-La Roche*, 493 U.S. at 170).

## VII.
## RELIEF SOUGHT

To facilitate the notice process and preserve the rights of those who have not yet opted-in, Plaintiffs have attached a proposed Notice and proposed Consent form to be approved by the Court.[13] These forms are based on various Notice and Consent forms previously approved by this Court and others within the Southern District of Texas, though they have been modified for this particular case.[14] Plaintiffs seek to notify a group of potential plaintiffs described as follows:

---

[13] Ex. C.
[14] Ex. D; *see also Durbin v. Advanced Pipeline Services, LLC*, No. 13-cv-00136 (S.D. Tex. Jan. 13, 2014) (Ramos, J.) ECF No. 34 attached as Exhibit E; *Moore v. Bottom Line Services, LLC*, No. 13-cv-00121 (S.D. Tex. Nov. 4,

**ALL PERSONS EMPLOYED BY HCC—HIGH CAPACITY COIL, LLC, WITHIN THE PAST THREE YEARS, WHO RECEIVED JOB BONUSES BUT WERE NOT PAID OVERTIME**

Additionally, Plaintiffs request the Court order the following:

1. Within 10 days of the entry of this Order, High Capacity shall disclose to Plaintiffs' counsel the names, addresses, e-mail addresses, and telephone numbers of all former Potential Class Members employed within the last three years from the date the Original Complaint was filed. This information shall be provided in a usable electronic format.

2. The Notice and Consent Form attached as Exhibit C is approved and shall be sent in English and Spanish to the Potential Class Members.

3. Plaintiffs' counsel is authorized to send by mail, e-mail and text message a copy of and/or web address linked to the Court-approved Notice and Consent form to the Potential Class Members.

4. The Potential Class Members shall have 60 days from the original mailing date to opt-in to this lawsuit.

## VII.
## CONCLUSION

Plaintiffs have met their burden to show that other similarly situated individuals exist and are interested in asserting their claims. In order to facilitate the purposes of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiffs to the Potential Class Members. Such a notice will allow these individuals whose rights are eroding each day to be informed of this action and their right to join.

---

2013) (Ramos, J.) ECF No. 26 attached as Exhibit F; *Martinez v. Refinery Terminal Fire Company*, No. 11-cv-00295 (S.D. Tex. Jan. 25, 2012) (Ramos, J.) ECF No. 54 attached as Exhibit G.

Respectfully submitted,

**SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP**

*/s/ Craig M. Sico*
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swhhb.com
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFFS AND POTENTIAL CLASS MEMBERS**

OF COUNSEL:

Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs' counsel has conferred with High Capacity's counsel. High Capacity's counsel indicated they are opposed to the filing of this Motion.

/s/ Clif Alexander
Clif Alexander

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of May, 2014, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

David M. Korn
MaryJo L. Roberts
Phelps Dubar LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

*Attorneys for Defendant HCC—High Capacity Coil, LLC*

/s/ Clif Alexander
Clif Alexander